Filed 1/18/23  P. v. Griffin CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DOMINICK DONNELL GRIFFIN,<br><br>        Defendant and Appellant. | B319157<br><br>(Los Angeles County<br>Super. Ct. No. VA146930) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Richard B. Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury convicted Dominick Griffin of robbery, the trial court sentenced him to the middle term. On appeal, Griffin contends his sentence should be vacated and the matter remanded for resentencing under recent amendments to Penal Code[1] section 1170 providing that if a defendant experienced psychological, physical, or childhood trauma that was a contributing factor in the commission of the offense, then the lower term is the presumptive term. We reject his contention and affirm the judgment.

## BACKGROUND

In March 2017, Ricardo Ramirez was working at a gas station. When he went outside to help someone at a gas pump, a disguised man, later identified as Griffin, pointed a gun at Ramirez, pushed him back into the store, and demanded money. Ramirez gave Griffin money from the cash register, but Griffin demanded that Ramirez open the safe or he'd kill Ramirez. Fearing he would be shot, Ramirez tried to push the gun away. A struggle ensued during which a shot was fired but did not hit anyone. Griffin then pointed the gun again at Ramirez, who gave him money. Griffin fled in a nearby car. A fingerprint recovered from the crime scene led investigators to Griffin, who was arrested two years later. At that time, Griffin admitted to law enforcement that he committed the robbery at the behest of a friend to whom Griffin owed rent money. His friend drove them to the store, gave Griffin a gun, mask and gloves, and told him to

---

[1]     All further undesignated statutory references are to the Penal Code.

2

get the money.  Griffin said that the gun discharged accidentally when Ramirez grabbed it.[2]

Griffin was charged with second degree robbery (§ 211) and with personal use of a firearm (§ 12022.5, subd. (a)).  A jury found Griffin guilty as charged.

At his sentencing hearing on March 17, 2022, Griffin's defense counsel submitted a sentencing memorandum stating that a court generally should impose the lower term if certain mitigating factors are present, citing section 1170, subdivision (b)(6).

In addition, Griffin and his fiancée submitted letters.  In his letter, Griffin said that his mother and grandmother raised him until he was eight years old, when he was put into foster care until he turned 18 years old.  He had a passion for sports, and after graduating from high school, played football at college in Santa Rosa.  Lacking funds, he left college after just two months.  Griffin returned to Los Angeles and reconnected with his mother.  Learning that his grandmother had died sent Griffin into a "downward spiral of depression" that still follows him.  He and his mother were homeless, living place to place and sleeping on couches or floors when allowed.  In 2012, he began working in security services but could not get approved for an apartment due to his lack of credit and rental history.  He had two children.  In 2014, his children's mother attacked him with a broom, but he was the one who was arrested and charged with a crime.  In

---

[2] At a hearing on a motion to suppress his statement, Griffin denied committing the robbery, saying he only confessed to avoid an attempted murder charge.  The trial court denied the motion and found that Griffin's statement to law enforcement was not coerced.

2019, he reunited with his children's mother, with whom he now had three children and was about to have a fourth. For the first time, he was approved for an apartment, which gave him a sense of joy that surpassed the depression he had suffered. Griffin asked to be given a chance to help others affected by crime.

Griffin's fiancée wrote that during the 17 years she had known him, Griffin had always been a loving and caring person. Despite his childhood struggles and growing up in foster care, he maintained a positive outlook and was an amazing, hands-on father. Because she was having a difficult pregnancy, Griffin was the family's sole provider. Without him, their family was facing homelessness. She also pointed out that the robbery had been committed five years earlier and Griffin had not been in trouble since.

The trial court acknowledged having read the sentencing memorandum and letters and said it understood that Griffin had a "difficult childhood" and that his childhood "wasn't good," but his "difficult childhood does not excuse [his] behavior." The trial court noted that Griffin had no prior felony convictions and only a couple of misdemeanors and he had not been incarcerated for any significant amount of time. It then sentenced Griffin to the middle term of three years for the robbery plus the low term of three years for the firearm enhancement.

## DISCUSSION

Effective January 1, 2022, a trial court may only impose the upper term "when there are circumstances in aggravation of the crime" that justify imposing a term of imprisonment exceeding the middle term, and the defendant has stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt at trial by the trier of fact.

4

(§ 1170, subd. (b)(2); see generally *People v. Lopez* (2022) 78 Cal.App.5th 459, 464–465.) Also, if the defendant has experienced psychological, physical, or childhood trauma, including abuse, neglect, exploitation, or sexual violence, that contributed to commission of the crime, then the court shall impose the lower term, unless the trial court finds that aggravating circumstances outweigh mitigating ones. (§ 1170, subd. (b)(6)(A).) A finding, for example, that childhood trauma contributed to the commission of the crime raises a rebuttable presumption in favor of the lower term. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 240–241.)

Here, the People argue that Griffin forfeited the right to raise section 1170, subdivision (b), on appeal because he did not raise it below. However, defense counsel cited the section in her sentencing memorandum and submitted letters from Griffin and his fiancée, which the trial court would have understood were relevant to mitigation. We therefore conclude that the memorandum and letters were sufficient to preserve the issue for appeal.

As we understand it, Griffin's substantive argument is that his evidence triggered the lower term presumption, but the trial court failed to "properly" consider and weigh the aggravating and mitigating circumstances. The problem with this argument, as the People point out, is it presupposes that the trial court found the lower term presumption applied. Although the trial court stated that Griffin had a troubled childhood, describing it as not good and "difficult," the trial court did not then find that any childhood trauma was a contributing factor to his commission of the robbery. Only when a finding connecting trauma to the commission of the crime is made does the lower term

5

presumption arise. A trial court *then* considers whether aggravating circumstances outweigh mitigating ones, to rebut the presumption.

The record here shows that the trial court found to the contrary. That is, the trial court said that Griffin's childhood experiences did not "excuse" his behavior. To be sure, whether Griffin's past experiences excused the robbery is not the point. The point is whether childhood trauma contributed to commission of the crime. Even so, and despite the trial court's inartful language, we presume that the trial court understood and followed the applicable law where the record is silent on the point. (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1096–1097.) Nothing in the record rebuts this presumption, especially given that defense counsel cited section 1170, subdivision (b), to the trial court (albeit in a sentencing memorandum and not at the hearing) and submitted letters citing mitigating factors, and the trial court referred to Griffin's childhood at the hearing. Therefore, we presume that the trial court found that the lower term presumption did not apply.

Alternatively, if it is Griffin's argument on appeal that his evidence *compelled* a finding that the lower term presumption applied as a matter of law, then we disagree with that argument as well. Rather, what term to impose generally rests in the trial court's sound and informed discretion. (§ 1170, subd. (b); see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390–1391.) Griffin did not explain why or how any childhood trauma contributed to his decision to rob Ramirez. Indeed, the record contains alternative explanations for why he committed the crime; namely, he owed a friend money. While the trial court would have been within its discretion to infer that childhood trauma

contributed to Griffin's commission of the crime, we cannot find that the trial court abused its discretion by declining to draw that inference when Griffin offered no clear reason to do so.

Finally, we disagree with Griffin's contention that a proper consideration of the aggravating and mitigating circumstances would have led the trial court to impose the lower term. First, and as we have said, the trial court did not find that the lower term presumption applied and therefore it did not have to determine whether aggravating circumstances nonetheless weighed in favor of a term other than the lower term. Second, the trial court did consider the mitigating circumstances Griffin raised; for example, his troubled childhood, that his criminal history consisted of only a couple of misdemeanors, and he had not served time in jail or prison. The trial court explicitly referred to these mitigating factors on the record.

As for other factors that Griffin mentions on appeal but were not argued to the trial court, his age was not a mitigating factor. Defendants who committed their crimes when under the age of 26 are entitled to a presumptive lower term. (§ 1170, subd. (b)(6)(B).) Griffin was two months past his 26th birthday when he committed the robbery. Therefore, the presumption based on youth did not apply.

Griffin next argues that his friend induced him to commit the crime and that Griffin complied out of a desire to provide for his family. (See, e.g., Cal. Rules of Court, rule 4.423(a)(5) [others induced defendant to participate in crime, although defendant had no apparent predisposition to do so]; *id.*, rule 4.423(a)(8) [desire to provide necessities for family motivated defendant's crime].) Aside from not presenting these factors to the trial court, Griffin testified at a hearing to suppress his statements to law

enforcement that he did not commit the crime at all. Also, Griffin did not clearly say he committed the crime to help his family. Rather, he told law enforcement he committed it because he owed rent money to a friend.

We therefore conclude that the trial court did not abuse its discretion in sentencing Griffin to the middle term.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.